IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON E. MACKEY,

      Petitioner,

  v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

      Respondent.

Case No. 2:15-cv-00405
JUDGE MARBLEY
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 3), Respondent's *Return of Writ* (ECF No. 6), Petitioner's *Reply* (ECF No. 9), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### Facts and Procedural History

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> On May 2, 2013, the Licking County Grand Jury indicted appellant, Jason Mackey, on three counts of trafficking drugs in violation of R.C. 2925.03, one count of drug possession in violation of R.C. 2925.11, and one count of having a weapon while under disability in violation of R.C. 2923.13. Said charges arose from three controlled drug buys using confidential informants and the subsequent search of appellant's residence.
>
> A jury trial on the drug charges commenced on October 15, 2013. While the jury was deliberating, the weapons charge was tried to the bench. The jury found appellant guilty of all the drug counts save for one count of trafficking in cocaine. The trial court found appellant guilty of the weapons charge. By judgment entry filed October 16, 2013, the trial court sentenced appellant to an aggregate term of eight and a half years in prison.

> Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
>
> "THE TRIAL COURT ERRED BY CONSIDERING HEARSAY FROM A JAIL TELEPHONE CALL DISCUSSING THE FIREARM."
>
> "APPELLANT WAS DEPRIVED OF HIS RIGHTS TO DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 16, BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT HIS CONVICTIONS FOR HAVING A WEAPON UNDER DISABILITY AND POSSESSING COCAINE."
>
> "THE TRIAL COURT'S FINDING THAT APPELLANT WAS GUILTY OF HAVING A WEAPON UNDER DISABILITY AND THE JURY'S FINDING THAT APPELLANT WAS GUILTY OF POSSESSING COCAINE WERE NOT SUPPORTED BY THE WEIGHT OF EVIDENCE."

*State v. Mackey*, No. 13-CA-94, 2014 WL 2466303, at *1 (Ohio App. 5th Dist. May 28, 2014).

On May 28, 2014, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not timely appeal that decision; on December 3, 2014, the Ohio Supreme Court denied Petitioner's *Motion for a Delayed Appeal*. *State v. Mackey*, 140 Ohio St.3d 1520 (Ohio 2014).

Petitioner executed the *Petition* on December 18, 2015. (ECF No. 3, PageID# 19.) He alleges that the evidence is constitutionally insufficient to sustain his conviction on possession of cocaine and having a weapon under a disability and that admission of a recorded jail telephone call violated the Confrontation Clause. Respondent contends that Petitioner's claims are procedurally defaulted and without merit.

**Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal

courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if he now presents those claims to the state courts, "there is a procedural default for purposes of federal habeas. . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the asserted federal law claims. If the claims are not presented to the state courts in the manner required by state law and if, as a consequence, the state courts do not address the merits of the claims, the federal court will likewise decline to address the merits of those claims. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim has been waived by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that

there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the court has determined that a state procedural rule was not satisfied, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In order to constitute cause, an ineffective assistance of counsel claim must ordinarily "'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards*, 529 U.S. at 452 (quoting *Murray*, 477 U.S. at 479). In order to constitute cause, counsel's "ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). If the claim of ineffective assistance of counsel is itself procedurally defaulted, petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards,* 529 U.S. at 450–51.

4

If, after considering all four factors of the *Maupin* test, a court concludes that a procedural default has occurred, the court may not consider the merits of the procedurally defaulted claim unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir.2013) (citing *Murray,* 477 U.S. at 495–96).

Petitioner properly raised his claims on direct appeal; however, he thereafter failed to file a timely appeal to the Ohio Supreme Court and the Ohio Supreme Court denied his *Motion for Delayed Appeal.* The United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's denial of review under these circumstances constitutes an adequate procedural ground to foreclose federal habeas review. *See Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 431-32 (6th Cir. 2006)(citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)). Therefore, Petitioner has waived his claims by failing to file a timely appeal to the Ohio Supreme Court.

Petitioner may still secure review of the merits of his claims if he demonstrates cause for his failure to follow the state procedural rule, as well as actual prejudice from the constitutional violations alleged by him.

> "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[, *i.e*.,] some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule."

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003)(quoting *Coleman*, 501 U.S. at 753).

As cause for his procedural default, Petitioner represents that he placed his appeal to the Ohio Supreme Court with prison officials for mailing on Monday, July 7, 2014, in advance of the forty-five day deadline for filing; however, according to Petitioner, the prison mail room waited

until Wednesday July 9, 2014, to process his cash slip for postage for mailing, and the Ohio Supreme Court therefore did not receive his appeal until after the July 14, 2014,[1] deadline for filing a timely appeal with the Ohio Supreme Court. *Reply* (ECF No. 9, PageID# 520.) Thus, Petitioner argues that it was the fault of prison officials that he was unable to timely file the appeal to that court.

The *Notice of Appeal from the Appellant Jason E. Mackey* (ECF No. 6-13, PageID# 485) was stamped "received" by the Ohio Supreme Court on August 20, 2014, on September 25, 2014, and on October 15, 2014. *Id.* The certificate of service on that document reflects the date of August 12, 2014. *Id.* (PageID# 487). The *Affidavit of Indigence* attached to that filing was notarized on August 18, 2014. *Id.* (PageID# 486). Petitioner's *Motion for Delayed Appeal* was also stamped "received" by the Ohio Supreme Court on August 20, 2014, on September 25, 2014, and on October 15, 2014; it was stamped "filed" on October 15, 2014. *Id.* (PageID# 488.) The certificate of service on Petitioner's *Motion for Delayed Appeal* reflects a date of August 12, 2014. *Motion for Delayed Appeal* (ECF No. 6-14, PageID# 490.) Petitioner's *Affidavit of Verity*, submitted in support, is dated September 17, 2014. *Id.* (PageID# 492.) In support of his *Motion for Delayed Appeal,* Petitioner argued that he could not timely appeal because he was uneducated in the field of law and was reliant on prison inmates for legal assistance; he thought that all he needed to do in order to perfect an appeal was to submit the cover page and judgment entry of the decision of the Court of Appeals. *Id.* (PageID# 489.) He also averred that, on July 7, 2014, he submitted this document for mailing, and that the prison mailroom processed his cash

---

[1] Respondent states that the 45-day period for filing a timely appeal to the Ohio Supreme Court expired on Saturday, July 11, 2014, which was extended by local rule of the court to Monday, July 13, 2014. *Return of Writ* (ECF No. 6, PageID# 28.)

slip for postage to mail the appeal on July 9, 2014. *Affidavit of Verity* (ECF No. 6-14, PageID# 492.)

Respondent observes that Petitioner fails to explain why he waited until one week prior to the filing deadline to submit his appeal to prison officials for mailing; Respondent also notes that Petitioner's lack of funds in his prison mail account necessarily impacted his request that his filing be mailed.  Respondent further argues that the multiple stamps of "received" on Petitioner's filings with the Ohio Supreme Court suggest that there were procedural deficiencies with the filings. *Return of Writ* (ECF No. 6, PageID# 38).

A prisoner's *pro se* status, ignorance of the law and of the procedural requirements for the filing of an appeal, and limited access to the prison's law library do not constitute cause for a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)(citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995)).  However, "government inaction such as delay in mailing a prisoner's court filing is one objective factor that may constitute cause for a prisoner's failure to comply with a state's procedural rule." *Foster v. Warden, Chillicothe Correctional Institution,* 575 Fed.Appx. 650, 654 (6th Cir. 2014)(citing *Henderson v. Palmer*, 730 F.3d 554, 560 (6th Cir. 2013); *Maples*, 340 F.3d 433, 439 (6th Cir. 2003)).

> *Henderson* also makes clear that a prisoner is not required to point to specific government conduct demonstrating inaction or interference to demonstrate cause. 730 F.3d at 560. Once a prisoner gives his state court filing to prison officials to be mailed, it is in their control and he no longer has the ability to affect its delivery. *Id.* If the filing would have been timely filed "'in the normal course of events'" but is filed late or never reaches the court, the prisoner has demonstrated cause to excuse the procedural default. *Id.* (quoting *Maples,* 340 F.3d at 439); *see also Ivy*, 173 F.3d at 1141 ("[I]t [is] incumbent upon the State to ensure that [the prisoner's] motion was promptly put into the regular stream of outgoing mail.").

7

*Foster*, 575 Fed.Appx. at 654. "District courts also have followed *Maples*, finding prejudice where state inaction caused an untimely filing." *Id*. at 655 (citing *Bradley v. Turner*, No. 3:12–CV–1504, 2013 WL 1345667, *18 (N.D. Ohio Feb. 11, 2013); *Brown v. Warden, Lebanon Correctional Inst*., No. 3:08CV00477, 2011 WL 5357831, *6–7 (S.D. Ohio Aug. 30, 2011); *Hines v. Brunsman*, No. 3:08 CV 2916, 2010 WL 750176, *19–20 (N.D. Ohio Feb. 26, 2010); *Jenkins v. Timmerman–Cooper*, No. 3:04CV324, 2007 WL 2571945, at *5 (S.D.Ohio 2007)). *But see Lee v. Davis*, 2010 WL 3070060, *3 (E.D. Mich. Aug.3, 2010)(rejecting a petitioner's argument that he had established cause for his procedural default where he waited until only two days before the filing deadline to submit his documents to prison officials for mailing, and the prison mailed his documents on that same day).

This Court is not persuaded that Petitioner has established cause for his procedural default. The record does not support his claim that he was unable to timely appeal because prison officials failed to act promptly in the mailing of his appeal. First, it does not appear that the document submitted to prison officials for mailing on July 7, 2014, was a proper notice of appeal. Moreover, and although Petitioner represents that prison mailroom officials processed his cash slip on July 9, 2014, *i.e.,* shortly before the appeal was due, the certificate of service on the *Notice of Appeal from the Appellant Jason E. Mackey* (ECF No. 6-13) reflects a date of August 12, 2014, *id.* (PageID# 487), and a notarization date of August 18, 2014. *Id.* (PageID# 486). These dates are consistent with the Ohio Supreme Court's "received" stamp of August 20, 2014. The fact that Petitioner's *Motion for Delayed Appeal* was "received" by the Ohio Supreme Court on August 20, 2014, and September 25, 2014, but was not "filed" until October 15, 2014, (ECF No. 6-14, PageID# 488), indicates that the substantial delay in the proper filing of this document was not caused by the prison mailing system. Under all these circumstances, this Court

concludes that Petitioner has failed to establish cause for his procedural default in failing to file a timely appeal to the Ohio Supreme Court.

Petitioner also insists that he is actually innocent of the charge of possessing a weapon while under a disability and possession of cocaine because his conviction on these charges was based on constitutionally insufficient evidence. *Reply* (ECF No. 9, PageID# 521.) However, independent review of the record fails to establish that Petitioner is actually innocent or the victim of a manifest miscarriage of justice. Petitioner presents no new reliable evidence establishing his factual innocence of the charges against him. Further, the record does not indicate that this case is of that rare or extraordinary type that justifies a merits review of his otherwise procedurally defaulted claims. *See Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005) (footnote and citations omitted); *see also McQuiggin v. Perkins*, ___ U.S. ____, 133 S.Ct. 1924, 1931–32 (2013).

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as procedurally defaulted.

## Procedure on Objections

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.,* 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal....") (citation omitted).

   *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
June 7, 2016