IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JASON E. MACKEY,

       Petitioner,

       v.

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

       Respondent.

Case No. 2:15-cv-00405
JUDGE MARBLEY
Magistrate Judge King

## ORDER

On June 7, 2016, the United States Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *Petition* (ECF No. 3), be denied as procedurally defaulted and that this action be dismissed. *Report and Recommendation* (ECF No. 11). On June 30, 2016, that recommendation was adopted without objection, *Order* (ECF No. 12), and this action was dismissed. *Clerk's Judgment* (ECF No. 13). This matter is now before the Court on petitioner's objection to the *Report and Recommendation, Objection* (ECF No. 14), which was filed on July 21, 2016, but which petitioner avers was placed in the prison mail on June 18, 2016. *Id*. at PAGEID# 542.

The June 30, 2016 judgment (ECF No. 13) is **VACATED.** The Court will consider petitioner's objections to the *Report and Recommendation* (ECF No. 11).

The Magistrate Judge concluded that petitioner had procedurally defaulted his claims because he failed to timely present those claims on appeal to the Ohio Supreme Court. *Id.* at PAGEID# 531 (citing *Smith v. State of Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426, 431-32 (6th Cir. 2006)). The Magistrate Judge rejected petitioner's argument that prison

officials' delay in processing his appeal to the Ohio Supreme Court constituted cause for that procedural default, observing that the record established that "the substantial delay in the proper filing of [the notice of appeal] was not caused by the prison mailing system." *Id.* at PAGEID# 534. Finally, the Magistrate Judge rejected petitioner's claim of actual innocence:

> Petitioner presents no new reliable evidence establishing his factual innocence of the charges against him. Further, the record does not indicate that this case is of that rare or extraordinary type that justifies a merits review of his otherwise procedurally defaulted claims.

*Id.* at PAGEID# 535 (citing *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1931-32 (2013); *Souter v. Jones*, 395 F.3d 577, 589 (6th Cir. 2005)).

In objecting to the *Report and Recommendation*, petitioner now seems to argue that it was his lack of access to the prison law library that caused his procedural default. *Objection*, PAGEID# 540.  As the Magistrate Judge noted, however, "[a] prisoner's *pro se* status, ignorance of the law and of the procedural requirements for the filing of an appeal, and limited access to the prison's law library do not constitute cause for a procedural default." *Report and Recommendation,* PAGEID# 533 (citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004)). Other than his conclusory assertion of limited access to the prison law library, petitioner offers no explanation for his failure to preserve his claims before the Ohio Supreme Court. Under these circumstances, this Court agrees with the Magistrate Judge that petitioner has not established cause for his procedural default.

Moreover, this Court also agrees with the Magistrate Judge that petitioner has not presented new and reliable evidence establishing his factual innocence; he merely disagrees with his convictions based on the evidence presented at trial. Under these circumstances, it cannot be said that a merits review of his otherwise procedurally defaulted claims is warranted.

Accordingly, petitioner's *Objection* (ECF No. 14) is **OVERRULED.** The *Report and Recommendation* (ECF No. 11) is **ADOPTED AND AFFIRMED**. The *Petition* (ECF No. 3) is **DISMISSED** as procedurally defaulted and this action is **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.


                                                     s/Algenon L. Marbley
                                                     **Algenon L. Marbley**
                                               **United States District Judge**

**Date: August 4, 2016**